IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ATTEBERY,

       Plaintiff,                    No. CIV S-06-2416 WBS EFB

     vs.

PLACER SIERRA BANK, et al.,

       Defendants.             <u>ORDER</u>

_____/

      This matter was before the undersigned on October 29, 2007, for hearing on the motion to enlarge time for designation of experts, filed by defendant Realty World Cool Country Properties, LLC ("Realty World"), on October 19, 2007.[1] Alice Powers appeared as counsel for defendants. John W. Jefferson appeared as counsel for plaintiff. Having considered the moving and opposing papers and oral argument, the motion is granted in part, and denied in part.

**I. BACKGROUND**

      This action is proceeding on the complaint filed October 31, 2006. Plaintiff alleges claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.*, as well as other California

---

[1] On October 23, 2007, the court granted Realty World's application to shorten time to hear the motion.

1

statutes and general tort theories of liability.

Plaintiff, a disabled person, has named as defendants Placer County Sierra Bank ("Placer Bank"), James M. Stanaway ("Stanaway"), and Realty World, as defendants. Each defendant has some legal relation to the Placer Bank property in Cool, California, where plaintiff alleges he sustained injuries due to the improper placement and maintenance of a sign adjacent to the disabled parking space in the parking lot. Defendant Stanaway owns the Placer Bank parking lot, and Realty World installed the sign.

The initial pretrial scheduling order in this case issued on April 10, 2007, and set July 20, 2007, as the deadline for disclosure of experts and expert reports in accordance with Fed. R. Civ. P. 26(a)(2). The order further provided that discovery was to be completed by September 28, 2007. The order directed that requests to modify dates other than the final pretrial conference or trial were to be directed toward the undersigned. Accordingly, on May 16, 2007, the undersigned granted the parties' stipulated proposed order in part, extending the expert disclosure deadline to September 20, 2007, and the discovery deadline to November 28, 2007.

Despite the extension of these deadlines, defendant Realty World failed to timely disclose its experts and produce corresponding reports. Counsel for defendants, Charles O. Thompson, has submitted a declaration, averring that his office failed to calendar the new deadline, and that he was out of town due to a family illness when the deadline passed. *See* Declaration of Charles O. Thomas ("Thomas Decl."), at ¶ 4. Mr. Thompson further attests that once he became aware of the missed deadline, he sought the agreement of the other parties to allow Realty World's late designation. *Id.*, at ¶ 5. On September 28, 2007, Realty World disclosed two experts – an ADA expert and Dr. Edward Younger, an orthopedic surgeon previously designated by the other defendants, but from whom no expert report has yet been filed. *See* Pl.'s Opp'n at 5:1-5; Exh. F thereto. Realty World argues that simply using the same surgeon already designated by other defendants does not prejudice the plaintiff. At oral argument on this motion, it became apparent that it is necessary intertwined with a motion

2

noticed for hearing on November 14, 2007, that raises the question of whether the other defendants properly designated the experts they have identified. Thus, even if Realty World is placed in the same position as the co-defendants, it remains to be determined whether *any* experts have been timely and properly disclosed by any of the defendants .

Based on a review of the file, it appears that no reports by Dr. Younger have been filed due to a disagreement between the parties regarding a Rule 35 independent medical examination ("IME") of plaintiff that Dr. Younger was to conduct. In particular, defendant Stanaway has calendared for hearing on November 14, 2007, a motion for an order compelling the Rule 35 exam and permitting Dr. Younger to testify at trial as a properly disclosed expert. Although defendants Stanaway and Placer Bank timely disclosed Dr. Younger as a medical expert, they did not timely file the accompanying Rule 26(a)(2) expert report. In his moving papers for the November 14, hearing, defendant Stanaway argues that the report was not filed based on an agreement with plaintiff's counsel that the IME could occur without a motion. Defendant Stanaway claims it anticipated filing its report following the IME. Plaintiff contends that, although he agreed to allow defendant Stanaway's expert – Dr. Younger – to conduct the IME without first filing a motion, he did not intend such stipulation to waive the expert disclosure deadline. The court will reserve ruling on defendant Stanaway's motion until the November 14, hearing, and its ruling on the present motion shall be further informed thereby.

Unlike defendants Stanaway and Placer Bank, Realty World failed to even disclose its medical expert (or any other expert) by the September 20, 2007, deadline. As discussed more fully below, its counsel blames this failure on his secretary, and his absence from the office due to a family illness on the East Coast. Realty World argues that as soon as it became aware of the missed deadline, it disclosed two experts, one an ADA expert and the other Dr. Younger, the medical expert previously disclosed by the co-defendants. Counsel, however, did not produce accompanying reports for either expert. Plaintiff's counsel has refused to stipulate to an extension of time for Realty World's designation of experts, so Realty World filed the pending

*ex parte* application to enlarge time, seeking the court's permission to deem its expert disclosures timely.

Plaintiff opposes Realty World's motion, arguing that his claims against Realty World are straightforward and limited to a finite period of time, and therefore do not require particularly complex expert discovery. Further, plaintiff argues that Realty World's failure to meet the deadline does not explain or justify its "utter failure to do any work at all prior to the expert disclosure date." *See* Pl.'s Opp'n at 3:13-14. In this vein, plaintiff points to defendant's awareness of the already-extended expert disclosure date, and attests that he spoke to all three defense counsel in late July about the impending September 20, disclosure date. *See* Declaration of John W. Jefferson, at ¶ 6; Exh. C thereto. Finally, plaintiff argues that another attorney – Morin Jacob – has been doing most of the work in this case and not Mr. Thompson, thereby making Mr. Thompson's absence from the office during the deadline date irrelevant.

**II. ANALYSIS**

There are no bright-line rules against permitting a late filing attributable to attorney neglect. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004). Rule 6(b) allows for the court to enlarge time, provided the moving party shows cause and the failure to comply with the deadline was the result of excusable neglect. Fed. R. Civ. P. 6(b).

To determine whether neglect was excusable, courts generally consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and, (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 123-24 (9th Cir. 2000).

**A. Prejudice**

Realty World argues that plaintiff would not be prejudiced by the late designation of experts and production of expert reports. Specifically, Realty World argues that it intends to designate the same independent medical expert that co-defendant Stanaway has already designated. However, as discussed above, there is a pending dispute before the court regarding

4

whether or not the other defendants' designation of Dr. Younger was timely, given their failure to file the report by September 20, 2007. Again, the court notes that it appears the delay by the other defendants in filing the report was based on the misimpression that plaintiff's agreement to undergo the IME was, in effect, an agreement to an extension of the expert disclosure deadline. In any event, the court admonishes defendants that they cannot simply stipulate to modify the court's scheduling order. As with their previous request for an extension of time, appropriate papers must be filed to obtain approval from the court to modify the schedule.

### B. Length of Delay and Impact on the Proceedings

Realty World argues that as soon as it realized the expert disclosure deadline had passed, it immediately moved to rectify the situation by contacting the other parties to seek a stipulated extension of time. It argues that these efforts put the other parties on notice of Realty World's request for an enlargement of time, and further, that any impact on the proceedings is minimal given that trial is not scheduled until May 6, 2008. The court notes, however, that the impending discovery deadline is set for November 28, 2007, and absent an extension thereof, plaintiff would not be permitted ample time to depose Realty World's untimely-designated expert witnesses.

### C. Reason for the Delay and Good Faith

As discussed above, Realty World's defense counsel attributes the failure to comply with the disclosure deadline to his secretary's failure to properly calendar the new deadline, and his own absence from the office due to an illness in the family. Again, plaintiff counters that another attorney in Mr. Thompson's firm – Morin Jacob – has performed most of the work in this action, not Mr. Thompson, thus implying that Mr. Thompson's absence from the office should have had no impact on compliance with the deadline.[2] Whatever the case may be in that regard, Mr. Thompson sent an entirely different attorney to the hearing on this emergency

---

[2] It is noteworthy that the law firm representing Realty World is a national firm with hundreds of attorneys, and eighty-plus attorneys in its San Francisco office.

motion, and neither Mr. Thompson nor Attorney Jacob could be questioned regarding the delay. Finally, Realty World asserts that the delay was not willful nor made in bad faith, and points to its good faith efforts to rectify the situation once it was made aware of the expired deadline. These efforts, it argues, underscore the fact that Realty World was not attempting to gain an unfair advantage or unfairly prejudice other parties.

### D.  Other Considerations

Realty World further urges the court to grant its motion, asserting that it will be substantially prejudiced in its ability to defend against this suit if it is unable to designate experts. Realty World argues that expert testimony is required to establish whether or not the property at issue violated the relevant provisions of the ADA, whether the breach caused plaintiff's injuries, and, to determine the extent of those injuries. It argues that not allowing it to present expert testimony would be tantamount to a finding of liability against them. Plaintiff counters that the property has been altered long since his injury, and that any expert discovery at this date would be meaningless with regard to plaintiff's claims. These contentions simply beg the underlying questions of good cause and prejudice.

## III.  CONCLUSION

Although the court does not impute ill motives to defendant's counsel, the court is unimpressed with Realty World's reasons for missing the expert disclosure deadline, especially in light of the previous extension of time granted by the court. The court does not find good cause for Realty World to designate new experts that were not at least timely identified by it or any other defendant. However, to the extent that Realty World wishes to use experts that may have been timely disclosed by a co-defendant there would not appear to be any prejudice to the plaintiff. It would simply entail the participation of an additional attorney during the deposition and trial testimony of the same designated experts. But, as noted, there is an underlying dispute– yet to be resolved-- as to whether the co-defendants have timely disclosed these experts.

////

1  Accordingly, Realty World will be granted a limited extension of time to designate these experts
2  *if* the court finds, in ruling on defendant Stanaway's motion, calendared for November 14, 2007,
3  that they were properly disclosed by the co-defendants. Specifically, to the extent Dr. Younger
4  is permitted to proceed with the IME, file a corresponding report, and testify at trial on behalf of
5  the other defendants, the court will allow Realty World to rely on the same. However, in the
6  event that is the ruling, the court, to avoid prejudice to plaintiff, will grant plaintiff ample
7  opportunity to depose that expert and designate any rebuttal experts. With regard to Realty
8  World's ADA expert, the court will allow Realty World to utilize and rely on any such expert
9  previously disclosed by the other defendants, to the extent defendants can agree on such an
10 arrangement. Realty World's motion is otherwise denied.

11     So ordered.

12 DATED: November 1, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE